Akins v. Akins.

---

No. 23,271.

PERRY J. AKINS, *Appellant,* v. MAUD AKINS et al., *Appellees.*

SYLLABUS BY THE COURT.

1. WILL—*Action to Set Aside—Testamentary Capacity of Testator.* The uncontradicted evidence does not compel a judgment in favor of the plaintiff.

2. SAME. There was evidence to sustain the findings of the court.

3. SAME. A person who habitually uses intoxicating liquor to excess may be competent to make a will.

4. SAME. A mistaken belief entertained by one that he has been wronged by another is not necessarily an insane delusion. ·

5. SAME—*Testator May Dispose of His Property as He Desires.* A person of testamentary capacity may dispose of his property as he desires, notwithstanding that one of his children has been chiefly instrumental in its accumulation.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed July 9, 1921. Affirmed.

*B. S. Gaitskill,* of Girard, *John P. Curran,* of Pittsburg, *J. I. Sheppard,* and *James G. Sheppard,* both of Fort Scott, for the appellant.

*J. J. Campbell, C. S. Denison,* both of Pittsburg, and *John L. Kirkpatrick,* of Kansas City, Mo., for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to set aside his father's will. Judgment was rendered sustaining it, and the plaintiff appeals. The grounds alleged for setting aside the will were, that the father, John Akins, at the time he made the will, was of unsound mind, was a constant and excessive user of intoxicating liquor, was unduly influenced by defendants Maud Akins and Blanche Akins, his daughters, and was under an insane delusion which controlled him in making the will. There was evidence to show that he was of unsound mind as the result of the excessive use of intoxicating liquor, and there was likewise evidence to show that he was of sound mind and of testamentary capacity; there was no evidence to show undue influence. The trial was by the court who found that the will expressed the intent and desire of John Akins, that it was not the result or product of undue influence, of any fraud or false representation, or of an insane delusion; that he knew he was making his will, the relationship that the devisees and legatees therein named bore to him, the disposition he desired to make of his property, and the property that he was disposing of by the will. The court further found that John Akins, when he made the will, was of sound and disposing mind and memory. The principal questions presented revolve around the testamentary capacity of John Akins.

1. The plaintiff argues that the uncontradicted testimony compels a judgment in his favor. The uncontradicted testimony was, so far as the court is able to gather from the abstracts, that which tended to prove the execution of the will, the relation of the devisees and legatees to John Akins, the property owned by him at the time of his death, the business in which he was engaged, the service rendered by the plaintiff to John Akins in that business, the habitual and probably the excessive use of intoxicating liquor by him, his abuse of the plaintiff, and his idea that the plaintiff had wronged him. These things do not compel a judgment for the plaintiff for the reason that they do not prove that the plaintiff did not have testamentary capacity, that he was insane, that undue

influence was exercised or fraud practiced to procure the execution of the will, nor prove any other reason for avoiding it. There may have been other testimony that was uncontradicted, but if there was, that testimony is hardly material in the present discussion.

2. The plaintiff contends that there was no sufficient testimony to uphold the findings of the court, nor to justify the conclusions of law. There was evidence which tended to show that John Akins had testamentary capacity; that he knew the members of his family and recognized his relationship and obligation to them; that he was not under undue influence; that no fraud had been practiced on him; that he was of sound mind and was not under an insane delusion. That evidence justified the findings, and they compelled the conclusions of law that were reached.

3. It is argued that when the will was made, John Akins had been deprived of his judgment and reason by the excessive use of intoxicating liquor, and that therefore the will is invalid. Proof of the excessive use of intoxicating liquor does not prove that the user is of unsound mind or does not have testamentary capacity. During intoxication the person intoxicated may not comprehend or understand, and he may then be incapable of executing a will, but it is well known that those who habitually use intoxicating liquor to excess have periods when they are mentally alert and have the full use of all their faculties. A clear statement of the rule concerning the testamentary capacity of a person addicted to the use of intoxicating liquor is found in 40 Cyc. 1017, as follows:

"If one knows what he is about he may make a will, although intoxicated at the time of execution, or of intemperate habits to such an extent as to have become a habitual drunkard, or judicially declared a drunkard; and this is so even though his mind was so weakened by intoxicants that he could not take care of his estate, but one does not possess testamentary capacity where he is suffering from chronic alcoholic insanity or where the will is made when deprived of judgment and reason from the use of intoxicants. One who is frequently intoxicated may still have testamentary capacity when sober, and capacity at the time of execution of the will is the point in issue."

There was no evidence to show that John Akins was intoxicated at the time he executed the will.

4. Another matter that is insisted on is that John Akins was laboring under an insane delusion. He accused the plain-

tiff of robbing him and of wrongfully inducing him to sell his business to a third party so as to enable the plaintiff to purchase it from that party. The circumstances shown by the evidence concerning the sale of the business were substantially, that John Akins was engaged in the feed business; that the plaintiff desired that John Akins sell the business; that they quarreled about that matter; that the business was sold; that later the plaintiff offered the purchaser $500 for his bargain; that John Akins learned of that matter and accused the plaintiff of wronging him. These circumstances, and all of the others concerning which John Akins accused the plaintiff of wronging him, do not justify the conclusion that John Akins was laboring under an insane delusion. The evidence tended almost conclusively to show that the plaintiff had not in any way wronged his father in the management of the business or in the sale of it, although in the sale there was that which would excite the suspicions of many men. Grant that John Akins was mistaken, a mistake is not an insane delusion. A mistaken belief entertained by one that he has been wronged by another is a very common frailty of humanity, but such belief is not necessarily an insane delusion. In *Medill v. Snyder*, 61 Kan. 15, 58 Pac. 962, this language was used:

"There may be an insane delusion, although the belief entertained is not in the nature of things a physical impossibility; but if such belief is entertained against all evidence and probability and after argument to the contrary, it affords grounds for inferring that the person entertaining it labors under an insane delusion." (Syl. ¶ 5.)

In *Wisner v. Chandler*, 95 Kan. 36, 147 Pac. 849, this court quoted from *Bean v. Bean*, 144 Mich. 599, as follows:

" 'The opinion of a father that certain of his children, whom he disinherited, had wronged and cheated him, and were scheming to get possession of his property, cannot be said to be the result of insane delusions, so as to invalidate his will, where there were real controversies between them which may have given rise to his belief, irrespective of which of the parties might have been able to make the better showing of real right.' " (p. 50.)

In 40 Cyc. 1013, this language is found:

"A mistaken belief as to a matter of fact or illogical conclusion therefrom is not necessarily an insane delusion."

In *Taylor v. McClintock*, 87 Ark. 243, this language is found:

"The distinction between a mistake and an insane delusion is that a

Akins v. Akins.

mistake, whether of fact or law, moves from some external influence which is weighed by reason, however imperfectly; while a delusion arises from a morbid internal impulse, having no basis in reason." (Syl. ¶ 12.)

In *Porter v. Jones et al.*, 20 Ore. 239, this language is found:

"Here there is a claim of facts upon which the belief is founded, and unjust and unfeeling as may be such belief, in view of the known character of his wife for chastity, it is not the spontaneous product of pure fancy, but a grave error, showing a lack of judgment or a want of reasoning powers—the outcome of an over-sensitive, jealous disposition, prone to exaggerate any trifling circumstance with which his wife may be connected into an unworthy and wicked importance, and to draw from them conclusions untenable, illogical and unworthy of belief." (p. 250.)

In *Hutchinson v. Hutchinson*, 250 Ill. 170, it was said:

"A belief which a rational person may entertain, however erroneous, is not an insane delusion."  (Syl. ¶ 7.)

In *Conner v. Skaggs*, 213 Mo. 334:

"An insane delusion . . . is never the result of reasoning and reflection; it is not generated by them, and it cannot be dispelled by them; and hence it is not to be confounded with an opinion, however fantastic the latter may be."  (Syl. ¶ 3. See, also, 4 Words and Phrases, 3644; 2 Words and Phrases, 2d series, 1091.)

5. The plaintiff worked for his father in his feed business for a number of years—practically conducted it during the latter part of that time, and made it a financial success out of which John Akins acquired his property. The plaintiff was paid wages all the time. He urges the fact that he built up the business to show that the will was unreasonable, and therefore must have been the result of a disordered mind. The fact that the plaintiff worked for his father and made a success of the business is not a ground for setting aside the will; it may have been competent evidence to show other grounds, but neither by itself nor in connection with all the other evidence introduced, is it sufficient to compel a reversal of the judgment. The father could dispose of his property as he saw fit.

The judgment is affirmed.